UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

-vs-

DECISION and ORDER

13-CR-6025

TYSHAWN SIMMONS,
                               Defendant.

_____

      This case was referred by text order of the undersigned, entered February 12, 2013 to Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), ECF No. 34. Defendant thereafter filed motions, ECF Nos. 277, 304, 400, and 401, seeking *inter alia*, suppression of statements, tangible evidence, identification testimony, inmate telephone recordings, and inmate correspondence. Additionally, Defendant sought a bill of particulars and disclosure of electronic communications intercepted and maintained by the National Security Agency ("NSA"). On February 25, 2015, March 4, 2015, and May 4, 2015, ECF Nos. 409, 416, and 429, an evidentiary hearing was held concerning the circumstances surrounding three traffic stops of vehicles occupied by Defendant and four other encounters with Defendant that occurred in June and July of 2013 and February of 2013. On January 22, 2016, Magistrate Judge Payson filed a combined Decision and Order ("D&O") and Report and Recommendation ("R&R"), ECF No. 474. In her D&O, Magistrate Judge Payson denied Defendant's request for a bill of particulars and his request for disclosure electronic communications. In her R&R, Magistrate Judge Payson recommended denying Defendant's applications for suppression tangible evidence,

identification testimony, inmate telephone recordings, and inmate correspondence. On February 5, 2016, Defendant timely filed objections to the D&O and to the R&R, ECF No. 480. With respect to the D&O, Defendant objects to Magistrate Judge Payson's denial of his request for the disclosure of electronic communications intercepted and maintained by the NSA. With respect to the R & R, Defendant objects as follows:

> Specifically, defendant contests the recommendations of the Magistrate Judge on the issues and for the reasons set forth below.
>
> With respect to the police encounters with Mr. Simmons on June 8, 2012, and the search of a vehicle that he was driving, defendant contends that by virtue of his physical possession and control of the vehicle he did have standing to contest the search of the vehicle based on the officers' smelling an odor of marijuana. Defendant further contends that the information observed and recorded from a notebook in the vehicle was not, as characterized by the Magistrate Judge, in plain view. Defendant contends that the officer's hearing testimony that was accepted as credible by the Magistrate Judge – that the officer opened the notebook in which he then observed the information obtained while searching it for marijuana – was tailored to avoid constitutional objection. Defendant therefore contends that the above observations and evidence were seized in violation of the Fourth Amendment of the United States Constitution and must therefore be suppressed (*Dunaway v New York*, 442 US 200 [1979]; *Wong Sun v United States*, 371 US 471 [1963]; *Mapp v Ohio*, 367 US 643 [1961]) as the fruit of an illegal intrusion (*see, United States v Crews*, 445 US 463 [1980]; *Pretzantzin v Holder*, 736 F3d 641, 646 [2nd Cir 2013]; *United States v Alvarez-Porras*, 643 F2d 54 59 [2nd Cir 1981]; *Owens v Taylor*, 2005 WL 1705071 at *6 [S.D.N.Y. 2005]).
>
> With respect to the identification procedures addressed by the Magistrate Judge's Report and Recommendation, defendant contends, contrary to the finding of the Magistrate Judge, that the photo arrays employed were unduly suggestive resulting in a likelihood of misidentification of the defendant's photograph and thus, evidence of those identifications should be suppressed (*United States v Wade*, 388 US 218 [1967]; *Stovall v Denno*, 388 US 293 [1967]; *see also Simmons v United States*, 390 US 377 [1968]).
>
> With respect to intercepted inmate calls telephone calls and correspondence, defendant contends that the warnings provided relative to such interception were not sufficient to trigger actual or implied equal consent by him to the collection and use of the intercepted information in an independent

prosecution, rather than to insure the safety and security of facility *(United States v Amen*, 831 F2d 373, 378 [2nd Cir 1987] ["Title III clearly applies to prison monitoring"], cert denied, 485 US 1021 [1988]; *United States v Vasta*, 649 F Supp 974, 989 [SDNY 1986] [Inmate communications may be "recorded and randomly monitored for the purpose of maintaining prison security"]).

Defendant contends that the ordinary course of prison business does not legitimately include the taping of his "calls as part of [the] criminal investigation" of this case, "which was clearly separate from the functions of the facility" (*United States v Green,* 842 F Supp 68, 74 [WDNY 1994]; *United States v Cohen*, 796 F2d 20 [2nd Cir 1986] [suppressing evidence seized from jail cell for investigatory, rather than prison security, purposes]; see also, *United States v Willoughby,* 860 F2d 15, 20 [2nd Cir 1988]).

Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court must determine whether Magistrate Judge Payson's D&O denying Defendant's request for a bill of particulars and disclosure of electronic communications is clearly erroneous or contrary to law. Upon a consideration of the D&O, the Court finds that Judge Payson's D&O denying Defendant Simmons' request for a bill of particulars and disclosure electronic communications was neither clearly erroneous nor contrary to law

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of Magistrate Judge Payson's R&R to which objections have been made. Upon a *de novo* review of the R&R, including a review of the transcript of the evidentiary hearing held on February 25, 2015, March 4, 2015, and May 4, 2015, ECF No's. 409, 416, and 429, and exhibits received, the Court accepts the proposed findings and recommendations of Magistrate Judge Payson. First, the Court finds that the Government established by a preponderance of evidence that the Defendant's statements made in the presence of Investigator Jennifer Morales and Officer Brandon Ince on February 7, 2013 and those made by Defendant on February 12, 2013 in the presence of Special James Schmitz were voluntary and spontaneous and not the product of custodial interrogation.

Second, the Court finds that the three photographic identification procedures challenged by Defendant were not unduly suggestive. Third, the Court finds that the Government proved by a preponderance of evidence that the telephone calls at issue from the Seneca County Jail, the Livingston County Jail, the Monroe County Jail, Yates County Jail, and the Northeast Ohio Correctional Center were recorded only after Defendant had received clear notice that such calls could or would be monitored or recorded, and the Court finds that his decision to make these calls despite such notice establishes his implied consent to the monitoring and recording of such calls. Fourth, the Court finds that, with respect the to correspondence at issue which was turned over to law enforcement, the Government established by a preponderance of evidence that good cause existed for prison officials at various correctional facilities, including the Seneca County Jail, the Yates County Jail, and the Northeast Ohio Correctional Center to intercept Defendant's mail. Finally, the Court finds that the Government proved by a preponderance of evidence that any information, evidence, or statements obtained by law enforcement in connection with the encounters with Defendant occurring on June 8, 2012, June 28, 2012, and July 12, 2012, which encounters were subjects of the evidentiary hearing conducted by Magistrate Judge Payson were lawfully acquired and not in violation of Defendant's constitutional rights as guaranteed by the Fourth Amendment. Moreover, the Court finds, that, although Defendant does not challenge his statement made during the July 12, 2012 encounter, that he was smoking marijuana, on Fifth Amendment grounds, *i.e.*, that it was the product of un-*Mirandized* custodial interrogation, the Government established by a preponderance of evidence that such statement was voluntary and spontaneous.

Accordingly, for the reasons set forth in Magistrate Judge Payson's R&R, ECF No. 474, regarding Defendant's correspondence obtained by the NSA, the applications of Defendant to suppress statements, tangible evidence, identification testimony, inmate telephone recordings, and inmate correspondence are all denied

IT IS SO ORDERED.

Dated:  Rochester, New York
        March 23, 2016

                        ENTER:


                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge